IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R STATE STREET LLC, d/b/a<br>PJ CLARKE'S OF CHICAGO,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT "BOBBY" HITZ,<br>and John Does 1 through 10<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF**

Plaintiff R State Street, LLC, doing business as "PJ Clarke's of Chicago" ("Plaintiff"), by its undersigned attorneys, states the following as its Complaint for Injunctive and Monetary Relief against defendants Robert "Bobby" Hitz ("Hitz"), and John Does 1 through 10 (*i.e.*, persons or entities acting in concert with the named defendants not currently known to the plaintiff):

NATURE OF THE ACTION

1. Plaintiff, a limited liability corporation operates a popular Gold Coast restaurant, *i.e*. P.J. Clarke's (the "Restaurant"). Defendant Robert "Bobby" Hitz has made unauthorized use of plaintiff's trademarks and service marks in various fora on the Internet, including the misuse of a website, "www.pjclarkeschicago.com" (the "Website") and continues to misuse such trademarks and service marks despite numerous demands that he cease and desist. Accordingly, Plaintiff seeks a mandatory injunction, compelling the defendant to turn over to the plaintiff all necessary login and access information to the website and to remove Plaintiff's trademarks and

service marks from any and all electronic media controlled by defendant, including but not limited to social media pages such as Twitter, Facebook, Instagram, etc.

## PARTIES

2. R State Street LLC, is an Illinois limited liability company with its principal place of business located in Chicago, Illinois.

3. Defendant Robert "Bobby" Hitz is the former employee of Plaintiff and citizen of Illinois and resides in Chicago, IL. Defendants John Doe 1 through 10 are persons who may be acting in concert with defendant Hitz.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Moreover, this Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

5. This Court has personal jurisdiction over Defendant(s) because Defendant Hitz resides within the Northern District of Illinois, specifically in Chicago, Illinois.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Hitz resides in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. In the Spring of 2014, Plaintiff acquired the rights to operate P.J. Clarke's of Chicago, including but not limited to leaseholds for the premises and a license/sub-license agreements to use the name "P.J. Clarke's" as well as the trademarks and service marks

associated with the name, including service marks on the affiliated website, www.pjclarkeschicago.com.

8. Hitz provided independent contractors services to affiliated entities of the Plaintiff at the time it acquired the rights to operate the Restaurant and began to provide independent contractor services to the Plaintiff at the Restaurant beginning in the summer of 2014.

9. On or about August 7, 2014, Hitz, having knowledge that the Website was property of the Plaintiff, took control of the Website by changing the registration information, along with the login and administration information. Such actions were without Plaintiff's knowledge or authorization.

10. The Website uses and prominently displays the Plaintiff's name, logo, and marks ("Clarke's Marks"), which have been properly registered as service marks with the United States Patent and Trademark Office ("USPTO"), and therefore are protected marks under the Lanham Act.

11. Moreover, the Website contains photographs and images of Plaintiff's restaurant and displays a purported menu and price list which falsely and inaccurately depict the food offered by the Plaintiff and the prices charged therefore.

12. Plaintiff holds an exclusive sublicense from the original license-holder, *i.e.,* D.L Restaurant, Inc., and is fully authorized to utilize Clarke's Marks and further authorized to take all actions necessary to protect against any unauthorized use of Clarke's Marks.

13. Hitz never received authorization from Plaintiff to change the registration information of the Website, nor to continue managing the Website after he was terminated as an independent contractor.

14. In addition to continuing to manage the Website, Hitz has also misused Plaintiff's trademarks and service on social media sites such as Facebook (https://www.facebook.com/pjcstatestreet), Instagram (https://instagram.com/pjcstatestreet), and Twitter (https://twitter.com/pjcstatestreet)(collectively, the "Social Media Pages").

15. Plaintiff was made aware of Hitz's ongoing control of the Website and the Social Media Pages when Restaurant patrons claimed that the prices and menu items advertised on the Website were not consistent with the Restaurant's actual offerings and prices.

16. When made aware, Plaintiff immediately contacted Hitz and requested Hitz provide the login and access information for the Website and Social Media Pages and for Hitz to surrender the Website to Plaintiff.

17. Hitz refused to relinquish control and possession of the Website and provide the Plaintiff with administrative rights to the Social Media Pages. Rather, he sent text messages to Theodore Netzky, an attorney for the plaintiff, telling Mr. Netzky, in relevant part to 'F*** OFF… GO THREATEN SOMEBODY ELSE YOU C**T" and further claiming that he did not know how to operate a computer. Mr. Hitz' texts made further derogatory remarks regarding Mr. Netzky and his mother and urged the filing of the instant suit.

18. Over the last few months, Hitz made a demand of Five Thousand Dollars ($5,000.00) in exchange for the login and access information, which would allow Plaintiff to rectify the registration information Hitz's changed.

19. Plaintiff has offered to reimburse Hitz for any actual out of pocket expenses he may have incurred in connection with the legitimate use of the Website during the time he was an independent contractor providing services to the plaintiff, but Hitz has refused to supply any information regarding such expenses.

20. In any event, Hitz did not and could not have incurred $5,000.00 in out of pocket expenses associated with the operation of the Website.

21. As of October 16, 2015, *i.e.,* the date of filing the instant complaint, Hitz continued to control the Website and continued to falsely portray the Plaintiff's menu offerings and prices.

22. Furthermore, Hitz continues to misuse the Plaintiff's trademarks and service marks on the Social Media Pages which he controls.

## COUNT I:
## TRADEMARK INFRINGEMENT
## PURUSANT TO THE LANHAM ACT, 15 U.S.C. §1114

1–22. Plaintiff realleges and incorporates paragraphs 1-22 of its Complaint as paragraphs 1-22 of this Count I.

23. The Lanham Act provides for a national system of trademark registration and protects the owner of a federally registered mark against the unlicensed use of similar marks if such use is likely to result in consumer confusion.

24. Clarke's Marks are registered with the USPTO and are valid and protectable service marks.

25. Plaintiff is a sublicensee, which entitles Plaintiff to use and, if necessary, take legal action to protect, Clarke's Marks.

26. Hitz had both actual and constructive knowledge of Plaintiff's rights, as sublicensee, in the federally registered marks prior to Hitz' infringing use of those marks.

27. Hitz has used the Clarke's Marks on the Website and Social Media Pages, without Plaintiff's consent.

28. The Website and Social Media Pages hold themselves out to be affiliated with Plaintiff's restaurant and have caused confusion amongst the Plaintiff's patrons who mistakenly believe that the Website and Social Media pages are associated with the restaurant.

29. Plaintiff has been damaged and will continue to suffer damage until and unless defendant is enjoined from making further use of Clarke's marks.

30. Given that confusion amongst consumers has already occurred, it is highly probable that the Website and the Social Media Pages cause and will cause confusion, mistake or deception for consumers.

31. Defendant has created confusion in the marketplace.

32. The Lanham Act permits for the entry of an injunction, statutory and actual damages and the award attorneys' fees to redress the manner of trademark infringement which Defendant has committed and continues to commit.

WHEREFORE, Plaintiff respectfully urges this Court to enter a judgment in its favor and against defendant Robert "Bobby" Hitz in an amount in excess of $100,000, to enter a mandatory injunction requiring Hitz to turn over all passwords and other technical data required to provide Plaintiff exclusive use and control of the website in question, to further enjoin Hitz from using any of the trademarks, service marks or other materials which refer to plaintiff's business, to award Plaintiff all of its attorneys' fees and costs of suit, and for such other and further relief as this court deems appropriate.

### COUNT II:
### VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT PURSUANT TO THE LANHAM ACT, 15 U.S.C. §1125(d)

1-32. Plaintiff realleges and incorporates paragraphs 1-32 of its Count 1 as paragraphs 1-32 of this Count II.

33. Hitz is in violation of the Anti-cybersquatting Consumer Protection Act, i.e., a recent amendment to the Lanham Act, 15 U.S.C §1125(d).

34. This recent amendment provides trademark holders with a cause of action against anyone who, with a bad faith intent to profit from the goodwill of another's trademark, registers, traffics in, or uses a domain name that is identical to or confusingly similar to a distinctive mark, or dilutive of a famous mark, without regard to the goods or services of the parties.

35. Hitz has wrongfully taken control of the Website, which is the rightful property of the Plaintiff.

36. The Website's domain name is that of the Plaintiff's restaurant.

37. Hitz has no appropriate connection or affiliation with the domain name, as Hitz is no longer employed by the Plaintiff, and no longer works at Plaintiff's restaurant.

38. When made aware of the change in the login and registration information, Plaintiff requested that Hitz provide the necessary login and access information so that Plaintiff could rectify and/or eliminate the misinformation.

39. Hitz refused to provide Plaintiff with the login and access information and relinquish control of the Website.

40. Hitz has made a demand for compensation in exchange for return of the Website to the Plaintiff, the rightful owner, a demand which is specifically prohibited by 15 U.S.C §1125(d).

41. Plaintiff has made request several times for the login and access information, to which Hitz has repeatedly refused.

42. Plaintiff has been damaged and will continue to suffer damages until and unless defendant is enjoined from controlling the Website.

43. The recent Amendment also permits for the entry of an injunction, statutory damages of up to $100,000 damages and the award of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully urges this Court to enter a judgment in its favor and against defendant Robert "Bobby" Hitz in an amount in excess of $100,000, to enter a mandatory injunction requiring Hitz to turn over all passwords and other technical data required to provide Plaintiff exclusive use and control of the website in question, to further enjoin Hitz from using any of the trademarks, service marks or other materials which refer to plaintiff's business, to award Plaintiff all of its attorneys' fees and costs of suit, and for such other and further relief as this court deems appropriate.

## COUNT III:
## UNFAIR COMPETITION PURSUANT TO THE LANHAM ACT 15 U.S.C. §1125(a)

1-43. Plaintiff realleges and incorporates paragraphs 1-43 of its Count II as paragraphs 1-43 of this Count III.

44. Hitz is in violation of Section 43(a) of the Lanham Act.

45. Section 43(a) of the Lanham Act prohibits a person from using false or misleading description of fact, or false or misleading representation of fact in commerce, which is likely to cause confusion, or to cause mistake, or to deceive sponsorship, or approval of his or her goods, services, or commercial activities by another person.

46. Plaintiff has invested considerable money in obtaining the rights to the Website and the sublicensee rights for the Clarke's Marks.

47. Defendant has misappropriated the Website by changing the login and access information, as well as the registration information for the Website, thereby taking control of the Website.

8

48. Defendant also has taken control of and maintains the Social Media Pages, which misappropriates Clarke's Marks.

49. The Website and Social Media Pages utilize the Restaurant's name and prominently displays Clarke's Marks throughout.

50. The Website has created confusion for patrons of the Restaurant and damages have arisen as a result of the consumer confusion.

51. The Lanham Act permits for the entry of an injunction, statutory and actual damages and the award attorneys' fees to redress the manner of trademark infringement which Defendant has committed and continues to commit.

WHEREFORE, Plaintiff respectfully urges this Court to enter a judgment in its favor and against defendant Robert "Bobby" Hitz in an amount in excess of $100,000, to enter a mandatory injunction requiring Hitz to turn over all passwords and other technical data required to provide Plaintiff exclusive use and control of the website in question, to further enjoin Hitz from using any of the trademarks, service marks or other materials which refer to plaintiff's business, to award Plaintiff all of its attorneys' fees and costs of suit, and for such other and further relief as this court deems appropriate.

## COUNT IV:
## DECEPTIVE TRADE PRACTICES PURSUANT TO THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT AND THE UNIFORM <u>DECEPTIVE TRADE PRACTICES ACT</u>

1-51. Plaintiff realleges and incorporates paragraphs 1-51 of its Count III as paragraphs 1-51 of this Count IV.

52. Hitz engaged in deceptive trade practices pursuant to 815 ILCS 510/2 and 815 ILCS 505/2.

53. Hitz maintains the Website and Social Media pages which are misrepresented as affiliates of the Restaurant.

54. The Website has caused confusion amongst patrons of the Restaurant, as patrons are under the mistaken belief that the Website is affiliated with the Restaurant, due to the Website prominently displaying Clarke's Marks, as well as the Restaurant's address and contact information.

55. The confusion caused by the Website and Social Media Pages has damaged the Plaintiff's business and created substantial confusion in the marketplace as to the Plaintiff's menu and prices as well as confusion concerning the source and origin of Plaintiff's products.

56. Hitz is conscious that his malicious and intentional refusal to provide Plaintiff with the login and access information to the Website and the Social Media Pages will cause harm to Plaintiff's business and Hitz has attempted to leverage control of the Website against Plaintiff in an attempt to extort money.

57. Hitz has demonstrated a blatant disregard for the consequences resulting from his refusal to provide Plaintiff with the login and access information for the Website and the Social Media Pages.

58. The Illinois Consumer Fraud and Deceptive Trade Practices Act entitles plaintiff to injunctive relief as well as its actual damages, exemplary damages (as determined by the Court), punitive damages in the event of willful and wanton violation, and an award of its attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully urges this Court to enter a mandatory injunction requiring Hitz to turn over all passwords and other technical data required to provide Plaintiff exclusive use and control of the website in question, to further enjoin Hitz from using any of the

trademarks, service marks or other materials which refer to plaintiff's business, as mandated by 815 ILCS 510/3. Plaintiff further seeks an award of actual damages, exemplary damages, punitive damages and all of its attorneys' fees and costs incurred in this action.

## COUNT V:
## TRADEMARK INFRINGEMENT PURSUANT TO
## THE ILLINOIS TRADEMARK REGISTRATION AND PROECTION ACT

1-58. Plaintiff realleges and incorporates paragraphs 1-58 of its Count IV as paragraphs 1-58 of this Count V.

59. Defendant engaged in trademark infringement prohibited by the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60.

60. Clarke's Marks are registered with the USPTO and are found to be valid and protectable service marks.

61. Hitz had both actual and constructive knowledge of Plaintiff's ownership of and rights in its federally registered marks prior to Hitz' infringing use of those marks.

62. Hitz's unauthorized use of the Clarke's Marks on the Website and Social Media Pages has caused confusion amongst consumers as patrons of the Restaurant mistakenly believe that the Website is affiliated with the Plaintiff and the Restaurant.

63. Plaintiff has demanded Hitz take down the Website with Clarke's Marks and cease any further use, to which Hitz has repeatedly refused.

64. The Illinois Trademark Registration and Protection Act entitles Plaintiff to injunctive relief, actual damages, punitive damages in the face of willful and wanton conduct, and the award of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully urges this Court to enter a mandatory injunction requiring Hitz to turn over all passwords and other technical data required to provide Plaintiff

exclusive use and control of the website in question, to further enjoin Hitz from using any of the trademarks, service marks or other materials which refer to plaintiff's business, as mandated by 765 ILCS 1036/65. Plaintiff further seeks an award of actual damages, exemplary damages, punitive damages and all of its attorneys' fees and costs incurred in this action.

           PLAINTIFF R STATE STREET LLC


          By: /s/ Glenn Seiden
            One of its attorneys


Glenn Seiden, ARDC #2543761
Theodore Netzky, ARDC #2038544
Brooke L. Lewis, ARDC #6295195
SEIDEN NETZKY LAW GROUP LLC
115 South LaSalle Street
26th Floor
Chicago, IL 6060
312-236-3060

Alan J. Mandel, ARDC #6188248
Antonio Flores, ARDC #6315352
ALAN J. MANDEL, LTD.
7520 Skokie Boulevard
Skokie, IL 60077
312-282-8450